**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LISA ANNE CARLSON,** individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>*v.*<br><br>**TRANSFORM SR HOME IMPROVEMENT PRODUCTS LLC**, a Delaware limited liability company,<br><br>   *Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

  Plaintiff Lisa Anne Carlson ("Plaintiff Carlson" or "Carlson") brings this Class Action Complaint and Demand for Jury Trial against Defendant Transform SR Home Improvement Products LLC, ("Defendant" or "Transform") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

  1.  Plaintiff Lisa Anne Carlson is a resident of Des Moines, Iowa.

  2.  Defendant Transform is a Delaware limited liability company headquartered in Hoffman Estates, Illinois. Defendant Transform conducts business throughout this District, and throughout the U.S.

## JURISDICTION AND VENUE

3.      This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction and venue is proper since the Defendant resides in this District.

## INTRODUCTION

5.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2022 alone, at a rate of 126.3 million calls per day. www.robocallindex.com (last visited February 1, 2022).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. Defendant Transform is a home improvement services company and conducts business under the name Sears Home Services.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.searshomeservices.com/about

17.     Defendant Transform makes unsolicited telemarketing calls to consumers who are registered on the DNC.

18.     To make matters worse, Defendant Transform continues to place calls to consumers even after they have explicitly told Transform to stop calling.

19.     For example, in Plaintiff Carlson's case, Defendant Transform placed multiple calls to her cell phone number which is registered on the DNC despite instructing Transform to take her phone number off their calling list.

20.     There are numerous complaints posted online regarding unsolicited telemarketing calls other consumers also received from Defendant Transform, many using the same phone number Plaintiff received calls from (833-941-1565), for instance:

- "Home improvement & cleaning received in New Jersey. Calling with recorded message (robocalls)"[4]

- "This number has called me 4 times today from 8am to 8pm.  I never pick up a number I don't recognize but they never leave a message.  They have called a dozen times in the last few days."[5]

- "I've been getting calls 5 to 6 time a day from this number"[6]

---

[4] https://www.tellows.com/num/8339411565
[5] https://whocallsme.com/Phone-Number.aspx/8339411565
[6] *Id.*



**Selling stuff (Scam call)** reported by *Reba* — 16 month
Wanting to set up for remodling of house said no very pushy did not want to take no for answer these are same call looked up number several site say scam

**Telemarketer** reported by *50.53.102.xxx* — 18 month
block4 ever

**Nuisance call** reported by *208.86.123.xxx* — 22 month
Wanting to sell something.

**Telemarketer** reported by *65.186.83.xxx* — 22 month
calls 4 to 5 times a day . It is a telemarketer.

**Telemarketer** reported by *24.16.248.xxx* — 23 month
Phony never leaves a message be aware if you block this number whoever it is will call from multiple numbers

**Called the number back. It was a telemarketer for a home remodell (Telemarketer)** reported by *Adrienne* — 23 months a
These people have called 3 times today. I only answer if I know the caller these days. I called back and got a real person answer saying it was a home remodelers call. I blocked the number.

**Nuisance call** reported by *108.4.12.xxx* — 24 months a
please stop calling me

**Telemarketer** reported by *SIA User* — 24 months a
calls several times a day and never leaves message

This is a home improvement co. "Transform Home Improvement". Scum of the earth! They call a couple times a day even Sundays!

*Caller: Transform Home Improvement*
*Call type: Telemarketer*

## 🚫 Spam

Have called me 4 times in two days unsolicited. I told them no I hadn't inquired about heating cooling or a home improvement project. I firmly said no yet they called me again. I came to this website to check f this was a scam.

---

[7] https://www.shouldianswer.com/phone-number/8339411565
[8] *Id.*
[9] https://800notes.com/Phone.aspx/1-833-941-1565
[10] https://directory.youmail.com/directory/phone/8339411565



- Good evening my name sis-calling(?) from trans home improvements calling about your request for flooring and would like to learn more about how we can help. Please call us at 1-877-467-3277 using a member reference number 28813297. We look forward to hearing from you soon.[11]

- February 25, 2021

  None

  Home Improvement

  Caller Name: Sears Home Improvement

  Legit business but Angies List referral hound[12]

- Adam Prince

  March 27, 2020

  Home Improvement Offer

  This number has called 9 times and well after 9 pm 3 days in a row have been notified to stop calling.[13]

### PLAINTIFF CARLSON'S ALLEGATIONS

21.    Plaintiff Carlson registered her cell phone number on the DNC on January 5, 2005.

22.    Plaintiff's cell phone number is not associated with a business and is used for personal use only.

23.    In October of 2021, the Plaintiff started receiving unsolicited phone calls from Defendant Transform from the phone number 833-941-1565, with at least two calls each day.

24.    In October and November, Plaintiff Carlson answered multiple calls on which the caller was soliciting home improvement services to the Plaintiff. The calls were addressed to someone named Kim, and the Plaintiff informed the callers that they had the wrong number, and that phone number is on the DNC.

---

[11] *Id.*
[12] https://lookup.robokiller.com/p/833-941-1565
[13] *Id.*

25.     The phone number 833-941-1565 is answered by employees of the Defendant who identify the company name as Sears Home Improvement which is an alias used by Defendant Transform.

26.     Despite making multiple stop requests to the Defendant's employees, Plaintiff continues to receive multiple calls each day from the Defendant using the phone number 833-941-1565 to her cell phone. For instance, Plaintiff received at least 2 calls each day between December 24, 2021 and December 31, 2021:



27.     The unauthorized solicitation telephone calls that Plaintiff received from Transform have harmed Plaintiff Carlson in the form of annoyance, nuisance, and invasion of privacy, and

disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

28.     Seeking redress for these injuries, Plaintiff Carlson, on behalf of herself and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

29.     Plaintiff Carlson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom the Defendant or its agent claims they obtained the person's number in the same manner as Defendant or its agent obtained Plaintiff's number.

> **<u>Internal Do Not Call Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant or its agent called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant or its agent called Plaintiff, (4) including at least once after the person requested that Defendant or its agent to stop calling.

30.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

31. **Typicality and Numerosity**: Plaintiff is a member of the Classes, and on information and belief, there are hundreds, if not thousands of members of the Classes, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether the calls violated the TCPA;

(b) Whether the Defendant or an agent calling on behalf of Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days at the time of each call;

(c) whether the Defendant or an agent calling on behalf of Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

34.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Carlson and the Do Not Call Registry Class)**

35.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

36.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

37.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

38. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Carlson and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Carlson and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

40. As a result of Defendant's conduct as alleged herein, Plaintiff Carlson and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

41. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Carlson and the Internal Do Not Call Class)**

42. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

43. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

44. Defendant, or an agent calling on behalf of Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant or its agent to initiate telemarketing calls.

45. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

46. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Carlson individually and on behalf of the Classes, prays for the following relief:

    a. An Order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Carlson as the representative of the Classes; and appointing her attorneys as Class Counsel;

    b. An award of actual and/or statutory damages and costs;

    c. An award of attorney's fees;

    d. An Order declaring that Defendant's actions, as set out above, violate the TCPA;

    e. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

    f. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Carlson requests a jury trial.


DATED this 14th day of February, 2022.

> **LISA ANNE CARLSON**, individually and on behalf of all others similarly situated,
>
> By: /s/ *Juneitha Shambee*
> Juneitha Shambee Esq.
> Shambee Law Office, Ltd.
> 701 Main St., Ste. 201A
> Evanston, IL. 60202
> 773-741-3602
> juneitha@shambeelaw.com
> ARDC: 6308145
>
> Avi R. Kaufman
> kaufman@kaufmanpa.com
> KAUFMAN P.A.
> 237 South Dixie Highway, Floor 4
> Coral Gables, FL 33133
> Telephone: (305) 469-5881
>
> *Attorneys for Plaintiff and the putative Classes*